UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOODY WOODROW TANKSLEY,　　　　　No. C 09-2621 MHP (pr)

　　　　Plaintiff,　　　　　　　　　　**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

　　v.

CDC; et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　/

## INTRODUCTION

Moody Woodrow Tanksley, currently in custody at Atascadero State Hospital, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning his medical care while he was a prisoner at Salinas Valley State Prison. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

United States District Court
For the Northern District of California

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Plaintiff alleged in his complaint that "on April 21, 2009 to May 2009," a long list of people denied him "medical treatment of blood clots in both legs without medical text x-rays for clots to solve clots and also for chest leg arms neck pains, shortness of breath as clots are serious can kill a person if left untreated." Complaint, p. 3 (errors in source).

The complaint does not state a claim upon which relief may be granted against the defendants. Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of a defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Plaintiff's allegation that he was denied medical care by a group of people over a two-month period did not provide sufficient information to put any defendant fairly on notice of the claims against him or her.

First, in his amended complaint, plaintiff needs to be clearer as to the nature of his

medical need(s). It is not clear from his complaint whether he is complaining about the response to blood clots, or about the response to various pains throughout his body or his shortness of breath. He also should explain how he knows that the problem he had was untreated blood clots, because his allegations indicate that defendants did not do medical tests to determine whether he had them. Additionally, plaintiff should describe not just the risk of blood clots, but should also identify any harm he actually suffered as a result of the alleged denial of medical care.

Second, in his amended complaint, plaintiff must allege what the defendants did or failed to do that amounted to a denial of medical care, e.g., whether plaintiff requested treatment and received treatment with which he disagrees, whether he received treatment that he thinks was inadequate, or whether he was simply given no treatment. He must provide details of what he asked for, when he asked for it , and what the defendants did or failed to do in response..

Third, plaintiff needs to link individual defendants to his claim. He lumped together nurses, doctors, custodial staff and alleged that they "denied" him medical treatment without identifying what any one of them actually did or failed to do. In his amended complaint, he needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.

Fourth, he referred to "Ms. Mary Jane female RN" on page 2 and "other female Mary Janes MD's" on page 3 of his complaint. These references appear to be an effort to deal with persons whose true names are not known to him. The way to deal with unknown persons is

3

to refer to them as John Doe defendants (for the men) and Jane Doe defendants (for the women), and not to make up a name like "Mary Jane." If plaintiff does not know the true name of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe # 2, Jane Doe # 1, Jane Doe # 2, etc. He must amend to allege what each Doe defendant did or failed to do that amounted to deliberate indifference to his serious medical needs. Plaintiff is cautioned that, although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the John Doe and Jane Doe defendants. Rather, plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

In his complaint, plaintiff directed the reader to "see prison medical record at prison" and "see Salinas Superior Court writ of habeas corpus." Complaint, p. 3. Plaintiff does not need to attach his prison medical record to his amended complaint to state a claim. However, he is cautioned that the court does not conduct investigations or retrieve documents for any of the parties. It is the obligation of each party to gather and present to this court anything (such as a medical record or a state court case document) that he wants this court to consider in his action.

The court notes that plaintiff's handwriting is very difficult to read because it is so squished together. In future filings, he should not write more than 28 lines of text per page and should use great care to make his writing legible.

Finally, administrative remedies must have been exhausted for each claim asserted in a federal civil rights complaint before the action is filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

4

until such administrative remedies as are available are exhausted.")

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **April 9, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: March 3, 2010

_____
Marilyn Hall Patel
United States District Judge